

FILED

JAN - 7 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

```
In re                              )    Case No. 10-27215-D-11
                                   )    Docket Control No. ALB-10
RIPON SELF STORAGE, LLC,           )
                                   )
          Debtor.                  )    DATE:      January 5, 2011
                                   )    TIME:      10:00 a.m.
                                   )    DEPT:      D (Courtroom 34)
_____)
```

**MEMORANDUM DECISION ON APPLICATION
FOR INTERIM AWARD OF ATTORNEYS FEES**

Ripon Self Storage, LLC (the "debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on April 8, 2003. Arthur L. Barnes, Attorney at Law ("Counsel"), has continuously acted as debtor's attorney and this is Counsel's first interim fee motion. Through this fee motion (the "Motion"), Counsel seeks approval of $20,480.00 in fees. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness pursuant to § 328 of the Code.

Section 330 of the Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003). Section 330(a)(3) of the Code states that in determining the amount of reasonable compensation the court should

consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

The court finds that Counsel's hourly rate is reasonable. However, the court does have concern regarding certain services that were charged by Robert White that appear to be secretarial in nature.

Specifically, Counsel's billing statements include the following time entries by Robert White.

1. On 3/31/10 RSW billed 2 hours ($120.00) for "Copy Notice of Motion, Motion for Cash Collateral; make service of same."

2. On 4/1/10 RSW billed 2 hours ($120.00) for "Copy and make service of Notice, Motion, Declaration, and Proposed Order."

3. On 4/1/10 RSW billed .5 hours ($30.00) for "File Notice, Motion, Declaration, and Proposed Order."

4. On 4/1/10 RSW billed 2.5 hours ($150.00) for "Copy & serve Status Conference Order; prepare Proof of Service of Status Order; file Proof of Status Order."

5. On 6/24/10 RSW billed .2 hours ($12.00) for "File court schedules."

The above-listed time entries are for services that are secretarial in nature and therefore, non-compensable. Accordingly, the court will reduce the fee request by $432.00.

In light of the above deductions, Counsel's request for fees of $20,480.00 will be reduced by $432.00 and the court will allow fees of $20,048.00.

/ / /

/ / /

1 | A separate order will be entered consistent with this memorandum
2 | decision.
3 | Dated: JAN - 7 2011        *Robert Bardwil*
  |                             Robert S. Bardwil
4 |                             United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Arthur L. Barnes
205 W Yosemite Ave.
Manteca, CA 95336

Ripon Self Storage, LLC
1290 Hammerwood Ave.
Sunnyvale, CA 94089

DATE: JAN -7 2011

_____
Deputy Clerk